Judge Crenshaw
delivered the opiaiou of the Court.
This is an action of assumpsit, instituted by the appellants against the appellee for goods, wares, and merchandise; and the only question which we are called upon to decide, arises under the plea of non-assumpsit within one year next before the commencement of the suit,
The law and facts of the case were submitted to the Court, and it gave judgment against the appellee for so much of the appellant’s account only, as had been made with the appellee within twelve months before suit brought.
The appellants have brought the case to this Court, by writ of error; and it is insisted by them that the Circuit Court erred in not giving them judgment for the whole amount of their account — the goods, as they contend, having been sold upon a credit of twelve months, and the suit having been brought within a year after the account became due. The account commenced on the 8th of May, 1848, and terminated in November, 1849, and the suit was instituted on the 29th of April, 1850.
It was proved that it was the custom of the appellants, to sell their goods to their customers upon a credit of twelve months, and, that this custom was generally understood by those who were in the habit of dealing with them, and was generally understood and known in the neighborhood. But, it was not proved that the appellee had had any previous dealings in the store of the appellants, or, that he was apprised of their custom.
Where goods are sold on a credit if suit be brought before the expiration of a year from the expiration of the credit the stature of limitations is no bar.
That it was the custom of t h e vendor of goods to wait twelve months with those who made Recounts with him for goods will not be sufficient proof of a contract to do so with a particular individual e specially when it does not show that the purchas er had dealt with the merchant be fore and knew his 'custom.
If the goods were in fact sold and purchased up;n a twelve months credit, none of the account was barred by the statute of limitations, as the suit was brought; within twelve months from the time that the price of the first article • charged1 in the account became due. But, is the proof sufficient to establish the fact that these goods were sold upon a credit of twelve months? We think not. Besides the absence of proof that the appellee knew any thing of the custom of the appellants to sell upon a credit of twelve months, the proof is-of a character so vague and uncertain, that it is hard to say what is its true import.
Is it meant that there was a mutual tacit understanding between the appellants and their customers, that the appellants were bound to wait with them twelve months for.the goods purchased by them, or, is it meant simp|y, that it was the custom of the appellants to indulge their customers for that lenght of time, without being absolutely bound to do so? We apprehend that the proof means nothing more than, that the appellants were in 1 the habit' of indulging their customers for twelve months for the goods purchased by them, and not that there was a mutual implied agreement between them and their customers that the goods were sold and brought upon this credit. One of the witnesses says, “they made no bargain to wait twelve months for their accounts, but it was their custom to present them but once a yeax-.”
Notwithstanding this custom of the appellants to wait with their customers twelve months, we apprehend that, if within the twelve months, one of their customers was about to fail, they would be surprised to be told that they could take no steps by suit to recover the amount of his account, until the year should expire. But, whatever may be the meaning of this custom, we do not think that the proof in this case is sufficient to authorize this Coxxrt to say that the Circuit judge erred in the conclusion to which he came. It is a matter of fací, and not of law, whether the goods were sold to *269 the appellee upon a twelve month credit. By agreement, the law and facts of the case were submitted to the judge, and he detei’mined that all the account was barred, except that part of it which had been made within twelve months before the institution of the suit, and we cannot say that he erred in the determination. Wherefore the decree is affirmed.
H. Taylor for plaintiff; Hard for defendant,